## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CHAPTER 13 PLAN

Debtors: **ANATOLI MELNITCHOUK**        Case No: **8:16-bk-07893-KRM**
**ALLA MELNITCHOUK**

1st Amended Chapter 13 Plan

**CHECK ONE:**

_____ The Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

\_\_X\_\_ The Plan contains provisions that are specific to this Plan in Paragraph 9, <u>Nonconforming Provisions.</u> Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1. MONTHLY PLAN PAYMENTS**: Plan payments include the Trustee's fee of 10% and shall begin thirty (30) days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A)  $1,700.00   for months __1__ through __11__
(B)  $1,974.00   for months __12__ through __60__
(C)  $_____   for months _____ through _____

To pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:**

Base Fee $ 3,500.00   Total Paid Prepetition $ 1,500.00   Balance Due: $ 2,000.00

**Estimated Additional Fees Subject to Court Approval** $ 2,140.00

**Attorney's Fees Payable through Plan** $ 300.00 Monthly (subject to adjustment)

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

Rev. 9/6/2016

3. **PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| None | | |

4. **TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS:** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

   (A) **Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, If Any, Paid through the Plan:** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg.Mo.Pmt | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| 3264 | SunTrust | 3855 Tonkin Dr. | $698.00 | $0.00 | $0.00 |

   (B) **Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** If the Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| None | | | |

(C) **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES:** Under 11 U.S.C. §1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @ ___% |
|---|---|---|---|---|---|---|
| None | | | | | | |

(D) **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY:** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @ ___% |
|---|---|---|---|---|---|
| 6570 | GreenTree | 3855 Tonkin Dr. | $38,231.21 | $740.00 | 6% |

(E) **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| None | | | | |

(F) **Secured Claims/Lease Claims Paid Direct by Debtor:** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| 0001 | State Farm Bank | 2007 Mercedes S550 |

(G) **Liens to be Avoided per 11 U.S.C. §522 or Stripped Off per 11 U.S.C. §506.** A separate motion to avoid lien under §522 or to determine secured status and to strip a lien under §506 must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Descrip/Address |
|---|---|---|
| unknown | Dominos | Judgment on 3855 Tonkin Dr. |
| unknown | Discover | Judgment on 3855 Tonkin Dr. |

(H) **Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral to be Surrendered |
|---|---|---|
| None | | |

(I) **Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any co-debtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

6. **LEASES/EXECUTORY CONTRACTS:**

| Last 4 Digits Of Acct No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
|---|---|---|---|---|
| None | | | | |

7. **GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ **13,450.00** .

8. **ADDITIONAL PROVISIONS:**

(A)  Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

(B)  Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

(C) Property of the estate (check one)*

(1)  __X__ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(2)  _____ shall vest in the Debtor upon confirmation of the Plan.

*If the Debtor fails to check (1) or (2) above, or if the Debtor checks both (1) and (2), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D)  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E)  Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation; after confirmation the Order Confirming Plan shall control.

(F)  Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2's and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

9.  **NONCONFORMING PROVISIONS:**

**Debtors will also commit an agreed upon amount of any net proceeds recovered from their personal injury claim to pay an additional amount to unsecured creditors**

_____

_____

We declare under penalty of perjury that we have read the foregoing and that it is true and correct to the best of our knowledge, information, and belief.

_____     Dated: __8/27/17__
**ANATOLI MELNITCHOUK**, Debtor

_____     Dated: __8/27/17__
**ALLA MELNITCHOUK**, Debtor